Good morning, Your Honor. Steve Hubachek, Federal Defenders, on behalf of Mr. Santiago. Your Honor, Rule 11 precludes judicial participation in plea negotiations, and Gonzales Melchor extended that prohibition to the post-plea context. The district court here violated that rule by negotiating with Mr. Santiago over his sentence at his sentencing hearing. That's a legal error. We'd ask that this court reverse and remand and reassign to a different judge. Now, Your Honors, there are three factors that are identified in Gonzales Melchor. The first of them is the risk of coercion. That's the only one that really doesn't apply here because Mr. Santiago didn't accept the district court's offer to continue the case for seven months in order for him to spend more time in jail so he could get... Well, it says risk of coercion. Does it say it has to be successful coercion? There is the risk, of course. He personally didn't succumb to it, but the risk is definitely there. Let's assume that you were right in this case. If you were, one of the reasons would be risk of coercion. The fact that it's not successful has nothing to do with the fact that there's a risk if a particular thing is done. That's correct, because the next defendant who did perhaps succumb would then be in a position where it is. All right, I just wondered why you were saying risk of coercion didn't apply. Well, I was just saying that he didn't personally succumb, but the risk was certainly there. Will you explain why this is a negotiation and not the judge just thinking out loud saying, I see these as my options, I'm contemplating Sentence A and I'm contemplating Sentence B. What do you think would be better for me to do? What's wrong with that in theory? Well, number one, that isn't how it was presented. He presented the options and then told counsel that counsel may want to confer with the client to discuss. How is that functionally different from what I said? Well, I think it's different because the district court couldn't impose the probationary sentence without the agreement of the defendant to give up some rights. What do you mean? Well, in order to impose the sentence with the 10 months in custody plus probation, the judge couldn't do that on the day of the sentencing hearing because that would be an illegal sentence. You can't give somebody time plus probation in the same sentence. It's precluded by statute under the Sentencing Reform Act. So the only way that the district court could get to the probationary plus 10 months in jail sentence would be by getting the defendant to agree to putting the case off for 7 months because this is a January sentencing hearing. What's wrong with asking if he would like to do that? I mean, judges defer sentencing all the time so they can go to drug programs or other things. What's wrong with asking the guy, would this be to your advantage if I were to do this? Because it's a quid pro quo. You give up your right to have your sentencing today. There's a due process right, a Sixth Amendment right. Rule 32 says sentences are supposed to take place without necessary delay. The defendant is being asked to give that right up so that he can go to jail for 7 more months at that point so that when he comes back in August, he can give him what would be an illegal sentence in January but then suddenly would be legal in August because he's already got the time in. He can give him probation then. So I'm having a hard time looking at this solely from the standpoint of what would be beneficial for the defendant. I have a hard time really quarreling with a procedure under which the judge says this is what I'm thinking. You tell me what you think. And if there's something illegal about it, that's the time to speak up. If the judge says I'm thinking of sending you to prison for 35 years, that's the time to say no. That exceeds the statutory maximum. You know, you can't do that, Judge. The judge is thinking out loud and inviting input from counsel, from the defendant. I think if I were the defendant, if I were defense counsel, that would be useful to know. So this is not like the other case where he said if you will waive your right to appeal, I'll give you a lower sentence. The judge says I'm contemplating these options. What do you think of the options? I just don't see what's wrong with that. If he accepted it, would he have given up any constitutional rights, as in Gonzalez-Melchor? Yes, he would have given up his right to a prompt sentencing. We've cited a couple of cases. Tingitella, I'm sure that's not the right pronunciation, but it says you've got a constitutional right under the Sixth Amendment or the Due Process Clause to a prompt sentencing. And Rule 32 also gives you a right to a prompt sentencing. It doesn't say any days. It doesn't say any deadline. It's not like the Speedy Trial Act that you have to trial with 70 days. It says, right? I agree there's not a specific deadline, but Rule 32 actually sets out a course of events that are supposed to take place. You agree judges often at defense request defer sentencing all the time for cooperating witnesses, to get into rehabilitation programs. Sentences certainly can be continued for good cause, but there's no cause whatsoever here. This is just to let this guy sit in jail for a longer period of time so the judge could give him a sentence that he couldn't have given him on that day. And the fact that maybe somebody would perceive this as a benefit really isn't relevant under this court's decision in Bruce. In Bruce, the district court judge was trying to warn the defendants that you might be getting a sentence of life or 10 years, and you've got a 42-month deal on the table, and so maybe you want to think about that. And this court bent over backwards to commend the district court judge for being compassionate, but ultimately said, look, you're not allowed to have a quid pro quo with the criminal defendants under Rule 11. And that's exactly what happened here, even if the district court was well-intentioned. The other thing that I wanted to point out was... Was the sentence itself legal? The sentence he got here legal? Well, we've challenged it as not being properly explained, but, I mean, is the sentence itself... Yes, there's a 60-day deal, and the district court imposed 12 months. We've argued that there wasn't... The statutory maximum is two years? Two years, exactly. Two years and one year of supervised release. Which is also legal. That one year of supervised release is legal, but ultimately what the district court was trying to work here was five years, effectively, of supervised release, and that is where the illegality came in. So he now has 12 months... There were two illegalities under your theory. First illegality is the not giving a prompt sentence as required, and making the defendant sit in jail in a manner that wouldn't be considered a sentence. That was the one illegality you're alleging. The second illegality is the attempt to give a five-year probationary period as a result of that first illegality. That's correct. Do you want to save your last three minutes? I was looking at Judge Warlow. It looks like she might have a question. Well, I'm just wondering, so at the time the judge made his comments, though, you had entered into a plea agreement with the government. Yes, Your Honor. So there was a plea agreement. So how did what the judge do affect your plea agreement? It didn't affect the plea agreement, but Gonzales-Melchor says that you cannot have negotiations after the plea. Gonzales-Melchor, actually, the guy went to trial. It was a stipulated facts trial. But the rule is, and it's the same thing in Markin's, which is the... Markin, actually, which is the Sixth Circuit case that this Court relied upon. In that case, the district court judge was involved in discussions where there was the possibility that the defendant might withdraw an objection to the pre-sentence report, and the Sixth Circuit found that the Rule 11 applied in that context as well. So Gonzales-Melchor is a plea waiver, but Markin is a case where you're just giving up an objection to the pre-sentence report. So basically, no post-plea negotiations are permissible under Rule 11 as applied in this context by Gonzales-Melchor. I'd like to reserve the rest of my time for rebuttal. Thank you. Good morning. Kyle Hoffman for the United States. I'd like to suggest that the district court in this case did not engage in improper negotiations with the defendant, and that, in fact, what the district court did, what he said he did, was he had a tentative sentence that was a possibility, and he presented that, the tentative sentence, as an option for the defendant. Those were the words that the district court used. He offered the option to the defendant to have either of those two procedures, correct? Correct. And that's not negotiating with the defendant. Well. Which of the two options do you want? Here's why I would suggest it's not negotiation. It's from the district court's point of view, the two sentences are equivalent, and the district court said this. That is... Well, he said that, but they're not really equivalent. Well, I'd suggest that from the district court's point of view, yes, and from the defendant's point of view, actually, the tentative sentence, the one that amounted to 10 months in custody plus 5 years' probation, is less good. And you know that because the defendant didn't say after he was sentenced to 12 months. What's the definition of negotiation? Is it just engaging in a dialogue with the defendant, which is what Judge Reinhart is suggesting? No, I was suggesting making an offer to a defendant, not engaging in a dialogue. Well, I mean, if he's asking for a quid pro quo, that's one thing. If he's saying, I'm thinking of A, I'm thinking of B comment, would that be a negotiation? I would suggest not. And would you suggest that if he said, if you'll give up your constitutional right to an immediate sentence, then I'll give you this sentence, which may in itself be improper, would that be an offer in a negotiation? Well, I think there are a couple of different things going on. Well, no. I mean, we're both giving hypotheticals. Well, first of all, is there a constitutional right to an immediate sentence? Let's start with that. I didn't hear a constitutional right invoked by my colleague. I heard a case and a statute. And I'm not sure that the statute or case actually directly say that there's a constitutional right. I'll tell you, I looked for it. I couldn't find a. Right. And I would suggest that, really, one way to conceive of this is, in district courts, it happens all the time, particularly in supervised release violations, that the courts will say, I could either impose a lot of time, plus no supervised release to follow, or a little bit of time, plus a lot of supervised release to follow. And the defense counsel like that procedure, because sometimes their clients, they don't want to be involved in supervised release, particularly for a long time. It's useful, as Judge Silverman, as you point out, it's useful information for them to know. And they say, no, no, no, I don't want that long supervised release to follow. I'd rather be in jail for a long time. Now, here, the defendants didn't want a long tail, so to speak, preferred to be sentenced right away. That's fine. But he couldn't have given him five years of probation if he had sentenced him when he was entitled to be sentenced. Oh, he could have given him five years probation then. Sure. He just wouldn't have gotten extra jail. Correct. But he didn't want them to give him that. He wanted to give him more time. And the only way he could get more time was not to give up whatever right he had to a prompt sentence. Well, I would suggest this, Your Honor, is that from the district court's point of view, the defendant's record, both immigration and criminal, was such that there was no way the district court was going to impose 60 days, and there was no way the district court would be- He'd already been there. Seven months, was it? How long had he been serving already? 101 days at the time of this hearing. But literally the fourth thing out of the district court's mouth after a good morning, I've read this, and how many times has this defendant been removed to the United States, was I am not going to accept a 60-day sentence. I am going to vary upward. Well, that's fine. There's nothing wrong with that. I totally agree there's nothing wrong with that. And I would suggest that the nothing wrong with that continued throughout the sentence, particularly where the defendant said early on once this option, this tentative sentence was suggested to him, I don't want that. Then the sentence proceeded apace, and it was never mentioned again. It was, in effect, out of the district court's mind, so far as you can tell from the transcript, out of everybody's mind until the objection was made. See, that's the same problem I mentioned to your defendant. To say that this defendant didn't accept that doesn't mean that you have to have the prejudice of that. Suppose he had accepted it. It would be the same issue. Either it's proper or it isn't proper. Whether a defendant bows to that or doesn't bow to it isn't the question. The question is, is it proper to give, to make an offer to the defendant to do that and say, if you will give up your rights, you can have this sentence. If you won't, here's another sentence. You don't believe he gave up his right to a prompt sentence. Correct. I mean, as a matter of fact, he didn't in this case, even if you conceive of it. No, but the offer would have required him to give up his right to a prompt sentence. Well, assuming there is such a right. Yeah. Or do you not believe that there's any right to a prompt sentence? Well, the district court. At the time, the hearing was set for sentence. That's a simple question. Do you not believe there is any right to a prompt sentence? I don't know that I would go so far as to say there's no right to a prompt sentence. The rule says it has to be within a reasonable time, doesn't it? Correct. So, and in this case. And sentences are often deferred for months, if not years. Isn't that true? For cooperation. And also, as the district court suggested here, sometimes it's to see, defendant, can you behave, so to speak, in the interim? And that was one of the reasons the district court pointed to here. Assuming you're on good behavior, I'm willing to do this. You're in good behavior sitting in jail, you mean? Well, in this case, that's what. Well, that's a little different, isn't it? And then to deny afterwards that I made an offer? When he said, in his thinking, then he said, as I said, he wants to talk about his options. As I said, if he wants to come back at the beginning of August, I can place him on probation. If he wants to go forward today, he can do that, too. And then he said later I didn't make him any offer. No. The district court said, I suggested that as a tentative sentence. That was a possibility. So there was no offer, he said. That's what the district court said. When he told him to go back and talk to him, and here are the two things I can do, I'll either do this or I'll do that, and I'll tell him that. And then he says, oh, I didn't make an offer. I was just rambling, tentative of the thoughts. That's what the district court said. Yes. And district courts do that, as I suggested, in other instances where they say, I'm either going to impose a hefty upfront fee, so to speak, and no tail to follow, or I'm going to impose a lesser sentence custodially and a longer tail. That happens a lot. They don't require you to give up any right, statutory or constitutional, in exchange when they're doing what you said. Well, sometimes they have to stay either in custody or on supervision in the interim. And there's also the condition that they have to be on their good behavior. Those conditions always exist, no matter what. I agree with that. This is you're going to serve time in, I guess, the detention center, MDC, or something like that? Probably MCC. Okay. That's what it's called in San Diego? Yes. Okay. And you have to be on good behavior there, as opposed to being transferred to another facility, a federal jail facility? Well, he would, if he had, well, actually, as he was, he was sentenced on that day, and then he would be transferred to wherever he was transferred to serve the remainder of his sentence. I mean, I think to pick up on a point that was raised earlier, I mean, the ultimate sentence in this case was a perfectly reasonable sentence and explained perfectly well, in terms of the defendant's record, the district court's dissatisfaction with the ultimate guideline range that was produced by the plea negotiations with the government. The district court was not. Nobody's attacking that. The question's not whether he gave him, ultimately, after his efforts failed, a legal, lawful sentence. That's not in question. Well, it was in question, I think, by the defendant's brief, but I hear an oral argument. It's not, I don't think, really at issue. I think Ed Silverman asked that question, and he said no. So I would suggest, ultimately, we should take the district court at its word. It was a tentative sentence, a suggestion, a possibility, useful information for the defendant, which the defendant rejected, and it should be affirmed. So what do the words in Rule 32b-1 mean to you, without a necessary delay? Would that 10-month period of time in jail be a necessary delay or not? I would suggest not. Because? Because the district court was. Why would that be a necessary delay? It would only be a necessary delay to reach the sentence that the judge thought was the most desirable. Well, I mean, the district court did say one of the things that's going to come out of that is I'm going to be able to see, not in so many words, but the implication of what he said was that I'm going to be able to see if you behave, so to speak. I, you know. Well, I mean, whether he's right or wrong, he thought it was necessary to produce a just sentence. Right. Another way to conceive of this is it's really the district court trying to tailor the sentence to the particular defendant. He was very concerned that this would be. Another way would be a way to get around the law, which would not have permitted him to impose a 5-year probationary period without having the person give up his. I'd suggest that that's a question that this Court really needn't decide, because the defendant rejected that possibility, obviously didn't think it was in his best interest, and that's fine. So this is plain error review? I would say, well, the issue. Was there an objection at the time? The issue about the Gonzalez-Camel court, the bargaining, as opposed to suggestions, that was raised at the time. The explanation of the variance was not. So the answer to the Court's question is I don't think it's a plain error review on that particular question. That question. The first question. So it's review for harmless error? I would suggest so, yes. And I'd suggest there is no harm here, even if it was conceived of as. Because I think Judge Burns is on the borderline here. And I'm not sure. I have to think it through a bit some more. But I'm not sure exactly where I would come out on that. But maybe can you articulate why you think it's harmless? Well, the reason is because one of the reasons I gave earlier, which is that if you read the entire transcript, it's pretty clear that once this suggestion was tabled, it was really tabled. The second is the defendant and his counsel didn't say after they received the sentence, oh, you know, I'd rather have the first one that you presented, because as far as the defendant is concerned, the sentence he ultimately got was the better of the two options. And the third reason I'd suggest is that, as I mentioned earlier, from the very beginning Judge Burns was very clear that this was not going to be 60 days. This was not going to be 101 days. This was going to be a pretty substantial sentence. It was going to. Is that pretty common? I mean, down in San Diego, is that pretty common for the judges to disregard these fast-track plea agreements? The honest answer, Your Honor, is I don't know how common it is. The judges are perfectly within their rights to do so. Right. And you can see the reasons why Judge Burns would be worried about this particular defendant. I mean, he did have three rapid-fire DUIs while here illegally and had been caught and released seven times and then deported once. And the judge was worried that there was going to be a serious accident with possibly injuries, fatalities, whatever. This defendant didn't get the message. And I would suggest that's perfectly reasonable. Thank you, counsel. Thank you. I'd like to get back to Judge Wardlaw's question about harmless error. In Bruce, this Court said that for a Rule 11 violation that no actual prejudice is required, and that's at 976 fed. 2nd at 558. I also think that there is a source of prejudice here. One of the three factors that Gonzales-Meltzer identified was the problem with the judge's impartiality after negotiations are completed. The judge, quote, may view unfavorably a rejection of the offer and take that rejection into account at sentencing. And that's at page 964 of Gonzales-Meltzer. And that's the problem here. The district court wants to work this sentence where he's going to get this five-year term of probation and the defendant rejects it. And then there's the risk. Is that rejection going to be held against the defendant? Now he's going to get 10 months if he had the five-year tail. Now he gets 12 months instead. So there certainly is a basis in the record to suspect that that may have happened. And given that we don't have to show actual prejudice under Bruce, I think that there is a strong showing here that there should be a remand. And I'd also point out that the Bagley factors kind of don't. Remand for what? A re-sentence before another judge? And then what, everything is up for grabs again? Well, there would still be the plea agreement. Both parties would be coming in saying that, you know, please sentence this guy to time served and give him a year of supervised release. He might get it, he might not get it. He could wind up with the same thing or worse, I suppose. Absolutely. I mean, the district court judge is going to exercise the district court judge's discretion. But the parties would be saying, give this guy time served and one year of supervised release. When is his date of release? His date of release is, I believe, in October. You know, the district court had suggested that the case be continued until August, which is next month. So I think that's when the 10 months. August is this month. I'm sorry, yes, August is this month. So it should be around 10 months now. I have a release date on page 2 of the opening brief of October 23, 2012. That would be the expiration of the 12-month sentence. Since it's 12 months and not a year and a day, there's no good time. So presumably he'll be at 10 months on the 23rd of this month. And just with the question of it being out of mind, I mean, defense counsel did object to the bargaining thing. The district court interrupted. Their counsel to the government said that. Okay. But he also said it was out of mind during the sentencing proceeding and that wasn't true. And then lastly, in terms of whether this is a negotiation, I think the district court's perspective is all wrong. It's what does the defendant think? It's not that the district court thinks that he didn't enter a negotiation. It's what is the defendant going to think when he's offered, you know, this opportunity to get this continuance for no reason that Rule 32 does say it has to be. How do we know what the defendant thought? Well, I'm saying that we have to look. Well, I mean, did the defendant file a declaration that I thought I was giving up anything? Or did he say I thought the judge was presenting me with options while he was thinking out loud? We really don't know what the defendant thought. No, we don't. We look at it objectively. Objectively, it looks to me like the judge says I'm thinking out loud. What do you think? That's the way it looks to me, but. All right, well, but you have to objectively determine what the defendant would have thought under those circumstances and what the judge is. Well, he thought the term off of it. Exactly. Or off. Whether you have any further questions, I'll submit. Thank you, Judge. Thank you very much. Thank you. The case is targeted. We'll stand submitted. The next case for oral argument.
judges: Reinhardt, Silverman, Wardlaw